## EATON v. WELTON & CO.

Evidence having any tendency, however slight, to prove a particular fact, is competent to be submitted to the jury to show that fact.

It is the duty of factors who receive goods to sell, to account for the proceeds in a reasonable time, without previous demand, where a demand is impracticable or highly inconvenient.

Factors abroad who have received goods to sell, without special directions as to the mode of remitting the proceeds, are bound, according to the course of business, to render an account of their sales, or pay over the proceeds thereof, in a reasonable time; and if they neglect so to do, their negligence is a breach of their contract, and subjects them to an action.

Where goods had been shipped to the defendants in California in March, 1850, recived by them and sold in November, of the same year, and no account of sales had been rendered, nor any remittance of proceeds made, up to April, 1853 — *held*, that a reasonable time had elapsed without any account rendered or remittance made, and that no demand was necessary to enable the consignor to maintain an action.

After the lapse of a reasonable time from the receipt of goods by factors abroad, and a neglect to account for them in any way, the fair presumption is that the goods have been sold and the money received for them, and an action for money had and received may be maintained.

Assumpsit. The writ was dated April 8, 1853, and contained three counts. The first was a special one, alleging that the defendants were commission merchants at San Francisco, California ; that the plaintiff, in March, 1850, sent to them 1340 pounds of lozenges to sell for him, and make remittance for the same, after deducting freight and commissions ; that the defendants received the same, and sold them, and had refused to remit the proceeds.

The second count was upon an account annexed to the writ for the amount of the lozenges, deducting the freight; and the third was a general count for money had and received.

Plea, the general issue.

On the trial at March term, 1855, the plaintiff introduced evidence tending to show that in March, 1850, he caused to be shipped at Boston, for San Francisco, consigned to the defendants, the goods in question, and the invoice of the same to be delivered to one of the defendants, then in Boston. The goods went out in a vessel laden with other property belonging to the defendants, who were partners at San Francisco, doing business as commission merchants in that city.

It appeared that the plaintiff resided at Concord, in this county, and that the lozenges were put up there ; and he introduced a witness who testified that in November, 1850, he purchased some lozenges of the defendants at San Francisco, in boxes similar to those which were shipped by the plaintiff, and which were labelled, " Concord, N. H." The witness also testified that the defendants had other boxes, at the time, of the same kind.

The plaintiff also introduced evidence tending to show that one of the defendants subsequently called at the office, at Boston, where the goods had been shipped, two or three times, and inquired where the plaintiff could be found, saying that he had

some lozenges shipped out there for him, and he wanted to see the plaintiff and settle with him for them or about them.

Upon this evidence the plaintiff rested his case; and the defendants moved for a nonsuit — first, upon the ground that there was no evidence competent to show that the lozenges were ever received at San Francisco, by the defendants; and, second, that there was no evidence competent to show that the plaintiff had ever made any demand upon the defendants for an account of the sales, and a payment of the money. The court overruled the motion, and the defendants excepted.

The defendants then introduced evidence tending to show that the lozenges, when received by them at San Francisco, were worthless; and the plaintiff introduced evidence rebutting that fact. No further evidence was introduced showing a demand for an account.

The jury returned a verdict for the plaintiff, which the defendants move to set aside for alleged error in the ruling of the court.

*George & Foster*, for the defendants.

In an action by the principal to recover the proceeds of the sales of goods consigned to an agent, the plaintiff cannot recover without showing a demand upon the agent prior to the commencement of the suit. 1 Saunders' Pleading and Evidence 97; *Armstrong* v. *Smith*, 3 Blackford 251; *Judah* v. *Doyle*, 3 Blackford 324; 3 U. S. Dig. 240, sec. 179.

*H. A. Bellows*, for the plaintiff.

The evidence tended to prove that the lozenges were consigned to the defendants, commission merchants at San Francisco, in March, 1850; that they were received by them, and a part, if not all, sold; and it was competent for the jury to find that all were sold, if necessary, as one of the defendants wanted to settle with the plaintiff for or about them.

1. There was evidence competent for the jury to find that the defendants had received the lozenges. The shipment of the

lozenges, the sale of some labelled like the plaintiff's, and the call to settle, were all competent on this point. But after the refusal of the court to grant the motion for a nonsuit, the defendants removed the objection by the proof as to the condition of the goods. *Oakes* v. *Thornton*, Grafton Co.; *Wilkins* v. *Little*, Grafton Co.

2. The defendants, being factors, were bound to render an account in a reasonable time. *Clark* v. *Moody*, 17 Mass. 145; *Langley* v. *Sturtevant*, 7 Pick. 214; *Bedell* v. *Janney*, 4 Gilman 193; *Cockhill* v. *Kirkpatrick*, 9 Mis. 697; *Peterson* v. *Poignard*, 8 B. Munroe 310; *Dodge* v. *Perkins*, 9 Pick. 368, 387, 393; 1 Saunders' Pleading and Ev. 67; Story on Agency, sec. 209, 203, n. 4; Angell on Limitations 178; *Lyle* v. *Murray*, 4 Sandford's Sup. Ct. 590; 2 Greenleaf's Ev., sec. 117, 118; *Selden* v. *Beale*, 3 Greenleaf 178; 2 Starkie's Evidence 63; 1 Phill. Ev. 157.

After a reasonable time has elapsed a demand will be presumed. 4 Cowen & Hill's Phill. Ev. 137.

After a reasonable time has elapsed and the defendant does not account to the plaintiff, it may be presumed that he has received the money for the goods, and the plaintiff may sue for money had and received. *Hunton* v. *Welsh*, 2 Starkey 224.

The receipt of money for saleable goods is presumed after the lapse of time. *Leary* v. *Goodson*, 4 Term 687; *Longchamps* v. *Kenney*, Douglass 87; *Burnap* v. *Partridge*, 3 Vt. 144.

Again: The directions of the principal contained in the invoice were to sell at discretion, and remit the net proceeds by the earliest safe conveyance; if not, to return to himself immediately. Here are explicit directions to remit without waiting for orders, and the factor would be exonerated by remitting by a conveyance apparently safe, as by an established express. The defendants then received the goods upon the implied promise to remit the proceeds by the first opportunity. That they have not done, and no demand was necessary. *Clark* v. *Moody*, 17 Mass. 149.

There were instructions to remit, and it matters not that they were given before sale. The agent is equally at fault.

FOWLER, J. We are called upon to revise the decision of the court below in overruling the motion for a nonsuit. That motion rested upon two grounds ; the want of competency in the evidence introduced by the plaintiff to show the receipt of the lozenges by the defendants at San Francisco, and its incompetency to show that the plaintiff had ever made any demand upon the defendants for an account of the sales and payment of the proceeds.

Upon the first point, the only inquiry is whether the evidence submitted had any tendency to show that the defendants had received the lozenges, and was, therefore, proper to go to the jury on that question. The testimony was substantially that of a witness, who stated that in November, 1850, he purchased of the defendants at San Francisco lozenges in boxes similar to those which the plaintiff had shipped to them the March previous ; that these boxes were marked " Concord, N. H.," which was the place of manufacture of the lozenges shipped to the defendants by the plaintiff, and that the defendants at the time had in their possession other boxes of the same kind, and labelled in the same way ; and that of another witness, who testified that one of the defendants, after the shipment of the lozenges to them at San Francisco by the plaintiff, called several times at the office in Boston, whence the lozenges had been shipped to them, and inquired where the plaintiff could be found, saying that he had had some lozenges shipped out there for him, and he wanted to see him and settle with him for or about them.

Now, although this evidence might not be deemed conclusive proof of the receipt of the lozenges by the defendants at San Francisco, yet, in the entire absence of any attempt by the defendants to show that they had ever received, from any other source, lozenges put up and labelled as were those shipped to them ·by the plaintiff, and subsequently sold by them in San Francisco, or to explain their own statements and admissions, at the time of their inquiries after the residence of the plaintiff at the shipping office in Boston, it certainly had a strong tendency, and was clearly competent to be submitted to the jury, to show

that fact, and the jury might well have found it upon this evidence alone.

As to the competency of the testimony to show a demand by the plaintiff upon the defendants for an account of sales and payment of the proceeds, we think the evidence in relation to the calls at the shipping office in Boston, and the statements of the defendants that they wished to see the plaintiff and settle with him for or about the lozenges which he had had shipped out there for him, might properly have been left to the jury as competent for that purpose, and from it they might legitimately enough have found that the defendants had been called upon to account for and pay over the proceeds of those very lozenges. It certainly seems to us to have a strong tendency, unexplained as it was, to show this.

But a careful examination of authorities has satisfied us, that, under the circumstances of this case, it was not necessary for the plaintiff to make or prove any demand upon the defendants, and therefore the competency of this evidence becomes wholly immaterial.

The doctrine seems well established, by weight of authority, that it is the duty of persons who receive goods to sell, to account for the proceeds thereof in a reasonable time, without demand, in cases where a demand would be impracticable or extremely inconvenient; so that factors abroad, who, as in this case, may have received goods to sell, without special instructions as to the mode of remittance, are held, according to the course of business, to render an account of their sales, or pay over the proceeds thereof in a reasonable time; and if they neglect to do this, such negligence is a breach of contract, and subjects them to an action. So, likewise, after the lapse of a reasonable time from the receipt of goods and a neglect to account for them, the fair presumption is that the goods have been sold and the money received for them, and an action for money had and received may be maintained. See 17 Mass. 145; 7 Pick. 214; 9 ditto 368, 387, 393; 1 Starkie 224, and other authorities cited by the plaintiff's counsel.

In this case the goods were shipped to the defendants in March, 1850; received and sold by them about November, of that year, and this suit was not commenced until April, 1853—nearly or quite two and a half years after the receipt and sale of the goods. Here, in our judgment, a reasonable time had elapsed, without any rendition of an account or any remittance of proceeds, and, according to what may justly be regarded as a well established rule, no demand was necessary. There must be

*Judgment upon the verdict.*